IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| JOE DEAN SEGLER, <br> TDCJ #01523976, <br><br> Petitioner, <br><br> v. <br><br> LORIE DAVIS, Director, <br> Texas Department of Criminal Justice, <br> Correctional Institutions Division, <br><br> Respondent. | § § § § § § § § § § § § § § | CIVIL ACTION NO. 6:17-CV-24 |

## ORDER TO TRANSFER

The petitioner, Joe Dean Segler (TDCJ #01523976), is a state prisoner incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ"). Segler has filed a petition for a writ of habeas corpus to challenge a state court conviction under 28 U.S.C. § 2254. For the reasons set out briefly below, however, the Court concludes that a transfer is warranted.

Public records and Segler's petition indicate that Segler is currently incarcerated as the result of a 2008 conviction for sexual assault of a child (Dkt. 1 at p. 2). The conviction was entered against him in Eastland County, Texas (Dkt. 1 at p. 2). According to the TDCJ website, Segler is confined at the Stevenson Unit, which is located in DeWitt County, Texas.

Because Segler is confined pursuant to a judgment and sentence by a state court in Texas, which has more than one federal district, jurisdiction over the petition is determined as follows:

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application.

28 U.S.C. § 2241(d). The Fifth Circuit has emphasized that, under § 2241(d), a petitioner may seek a federal writ of habeas corpus in one of only two places: (1) the district in which the state court conviction was entered, or (2) the district within which the petitioner is incarcerated. *Wadsworth v. Johnson*, 235 F.3d 959, 961–62 (5th Cir. 2000).

DeWitt County, where Segler is presently confined, is located here in the Southern District of Texas, Victoria Division—*see* 28 U.S.C. § 124(b)(5)—but the inquiry does not necessarily end there because Eastland County, where the challenged state court conviction was actually entered, is located in the Northern District of Texas, Abilene Division. *See* 28 U.S.C. § 124(a)(3). In other words, although Segler is currently incarcerated in this division, the conviction that he challenges has no ties to it. Under these circumstances, a transfer is appropriate. *See Story v. Collins*, 920 F.2d 1247, 1250 (5th Cir. 1991); *Bell v. Watkins*, 692 F.2d 999, 1013 (5th Cir. 1982); *Mitchell v. Henderson*, 432 F.2d 435, 436 (5th Cir. 1970).

The federal habeas corpus statutes provide that a district court for the district in which an application for habeas corpus relief has been filed may, in the exercise of its discretion and in furtherance of justice, transfer the petition to another appropriate district court for hearing and determination. *See* 28 U.S.C. § 2241(d). It is generally the policy of the Southern District of Texas to transfer habeas corpus petitions filed by state prisoners to the

division in which the petitioner's underlying conviction was entered. *See* General Order of May 30, 1985. Because the state court conviction at issue in this case was entered in the Northern District of Texas, Abilene Division, the petition will be transferred to that venue in compliance with Southern District policy.

Accordingly, based on the foregoing, the Clerk of Court is **ORDERED** to **TRANSFER** this habeas corpus proceeding to the United States District Court for the Northern District of Texas, Abilene Division, and to terminate all pending motions.

The Clerk will provide a copy of this order to the parties.

SIGNED at Victoria, Texas, on ___April 25___, 2017.

GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE